Estate of Charlene Cassini, Deceased, Igor L. Cassini, Executor, and Igor Cassini, Surviving Husband v. Commissioner.
Estate of Cassini v. Commissioner
Docket No. 755-68.
United States Tax Court
T.C. Memo 1972-88; 1972 Tax Ct. Memo LEXIS 169; 31 T.C.M. (CCH) 346; T.C.M. (RIA) 72088; April 17, 1972, Filed *169 Held: The issuance of multiple notices of deficiency to different taxpayers, asserting in each notice a deficiency predicated on the same item of income, is not invalid. In the absence of any proof with respect to the correctness of the assessment, the deficiency is sustained. Michael Kaminsky, 122 E. 42nd, New York, N. Y., for the petitioner. Larry Kars, for the respondent. QUEALY
Memorandum Findings of Fact and Opinion QUEALY, Judge: The respondent has determined deficiencies in the Federal income tax and additions to the taxes of the petitioners as *170 follows: Addition
to the tax
Sec. 6653(b),
Year
Deficiency
I.R.C. of 1954
1959
$ 94,312.40
$ 47,156.20
1960
77,414.80
38,707.40
1961
70,313.42
37,570.53
1962 8,589.08
4,294.54
$250,629.70
$127,728.67
The issues raised for decision are as follows: (1) Does this Court have jurisdiction over the parties and the matter involved in this case? (2) Has the controversy in this case been rendered moot by virtue of actions taken and incidents occurring in another case involving another taxable entity? (3) Is the statutory notice issued in this case a valid notice? (4) Should the instant case be consolidated for trial along with that of Paul Englander, docket No. 736-68? If this Court should rule against the petitioners on all of these issues, then said petitioners concede that the above deficiencies in income taxes are correct and the underpayments of tax for the taxable years 1959 through 1962 are due to fraud, within the meaning of section 6653(b). Findings of Fact Some of the facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Igor Cassini is the *171 surviving husband of Charlene Cassini and the lawfully appointed 347 executor of her estate. Consequently, hereinafter Igor Cassini will be referred to as the "petitioner" in this case. The Federal income tax returns for the periods at issue were filed with the district director of internal revenue, Manhattan, New York. At the time of the filing of the petition, the legal residence of the petitioner was New York, New York. In a notice of deficiency delivered to the petitioner, the respondent determined certain omissions of income by the petitioner that the respondent admits were duplicated in various notices of deficiency also mailed to other taxpayers. Those alleged omissions and the duplication are as follows: (1) An alleged total payment of $160,000 from the Dominican Republic was determined to be income to the petitioner, Paul Englander, Ceeandeff Corp. (hereinafter referred to as "Ceeandeff"), and Inter American Public Relations, Ltd. (hereinafter referred to as "Inter American"); (2) A total payment of $17,500 from Rhodes Enterprises, Inc., was determined to be income to petitioner, Paul Englander, Inter American and Frankini Corp. (hereinafter referred to as "Frankini"); *172 (3) A total payment of $45,000 from the Dominican Republic was determined to be income to petitioner and Overseas Public Relations Establishment (hereinafter referred to as "Overseas"); (4) Short-term capital gains from the sale of stock in the amount of $3,952.42 was determined to be income to the petitioner, Paul Englander, Ceeandeff, and Inter American. Of these various persons and entities, only the petitioner and Paul Englander petitioned this Court for a redetermination of the alleged deficiencies as allowed by section 6213. As to the others, assessments of the deficiencies and additions to tax were made as follows: Date of
Taxpayer
Assessment
Ceeandeff
June 29, 1965
Frankini
June 29, 1965
Inter American
Apr. 22, 1968
Overseas
Apr. 22, 1968 Neither Inter American nor Overseas filed income tax returns, and the assessments were made on the basis of so-called "dummy returns" prepared by the respondent. The periods of assessment of the tax were duly extended pursuant to section 6501(c)(4). Paul Englander died on January 28, 1969. He is survived by his son, Robert Englander, who was nominated the executor of his father's estate. On June 25, 1969, counsel *173 for Robert Englander advised counsel for the respondent, as follows: Mr. Robert Englander does not feel that there is any necessity for obtaining representation for his father's estate in this Tax Court proceeding as this is a no-asset estate. Opinion The issuance of multiple and conflicting notices of deficiency is not a bar to the assessment and collection of the tax due. (C.A. 8, 1968), vacating and remanding a decision of this Court; (C.A. 9, 1962), affirming , certiorari denied ; (C.A. 9, 1959), certiorari denied . We stated in , that "[occasions] often arise where, in order to protect the revenue, respondent must make alternative determinations which have the effect of taxing income more than once." Such appears to be the situation in the instant case. The petitioner does not contend here that the deficiencies charged to him by respondent have been *174 paid by him or any other taxpayer. Indeed, he virtually concedes that no such payment has taken place. Consequently, we see no error on the part of the Commissioner in pursuing a judgment on this matter against the petitioner. Nor do we see any reason to consolidate this case with that of Paul Englander. Englander died, leaving no assets. No representation is forthcoming in this case. The consolidation would serve only to delay assessment and collection of a tax admittedly due. As a result, we find each of the issues raised by the petitioner to be without merit. Accordingly, and consistent with the concessions of the petitioner, Decision will be entered for the respondent. 348